IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DIANA KAY ELSNER                                                                                    PLAINTIFF

vs.                                              Civil No. 5:07-cv-05170

MICHAEL J. ASTRUE                                                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Diana Kay Elsner ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her applications for DIB and SSI on September 23, 2004.  (Tr. 15, 53).  Plaintiff alleged she was disabled due to cirrhosis of the liver, syncope, joint and muscle pain, weakness and fatigue, numbness, poor concentration, and seizures causing blackouts.  (Doc. No. 7, Page 3) (Tr. 17, 70, 81, 82, 88, 98).  Plaintiff alleged an onset date of March 1, 2001.  (Tr. 15).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

These applications were initially denied on January 18, 2005 and were denied again on reconsideration on April 28, 2005. (Tr. 26-29, 160-161).

On June 14, 2005, Plaintiff requested an administrative hearing on her applications. (Tr. 40). This hearing was held on December 6, 2006 in Fayetteville, Arkansas. (Tr. 172-211). Plaintiff was present and was represented by counsel, Ashley Hunt, at this hearing. *See id.* Plaintiff, Plaintiff's stepson (Bradley Ryan Elsner), Plaintiff's husband (James W. Elsner), and Vocational Expert ("VE") Sarah Moore testified at this hearing. *See id.*

On April 13, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI and DIB. (Tr. 15-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act on December 31, 2005. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 1, 2001, her alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: alcoholic liver disease. (Tr. 17, Finding 2). The ALJ also found, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17-18, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity. (Tr. 18-20, Finding 5). At the administrative hearing, Plaintiff claimed she had problems stabilizing herself after sitting for an extended period of time (Tr. 180), she could not get up from the floor from her knees (Tr. 180), she could not walk without assistance (Tr. 181), she was only able to sit for about an hour at a time (Tr. 185), she was only able to stand for about thirty minutes at a time (Tr. 185), she was not able to bend over and touch her knees (Tr. 186), she was unable to walk up and down stairs without great difficulty (Tr. 186), and she was

unable to drive due to her seizures. (Tr. 187).

The ALJ evaluated these subjective complaints and allegedly disabling symptoms. (Tr. 15-21). In evaluating these symptoms, the ALJ first stated the factors from 20 C.F.R. § 416.929. (Tr. 16-17). Then, after stating these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff's subjective complaints were not consistent with her medical records and (2) Plaintiff's work records indicated she quit working as a result of a "business-related layoff" rather than as a result of an allegedly disabling impairment. (Tr. 16-17).

Thereafter, the ALJ reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 18-20, Finding 5). Specifically, the ALJ determined Plaintiff retained the following RFC for a wide range of sedentary work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to maintain employment at the level of lifting and carrying a maximum of 10 pounds occasionally and less than 10 pounds frequently; pushing and/or pulling within the limits given for lifting and carrying; standing and walking (with normal breaks) at least 2 hours in an 8-hour workday; and sitting (with normal breaks) for a total of about 6 hours in an 8-hour workday. The claimant should never climb because it is likely to trigger falls or operate a motor vehicle due to "seizures" in the past history, but these were in relation to alcohol use. Claimant can occasionally, twist, bend, stoop, and reach above shoulder level. She must not squat and arise from a squatting position.

(Tr. 18, Finding 5). *See* 20 C.F.R. § 416.967(a) (2008).

The ALJ then determined that, considering her RFC, Plaintiff retained the ability to perform her Past Relevant Work ("PRW"). (Tr. 20, Finding 6). At the administrative hearing, Plaintiff and the VE testified regarding Plaintiff's PRW. (Tr. 176-210). Based upon this testimony, the ALJ determined Plaintiff was capable of performing her PRW as a human resources manager (sedentary, skilled work) (performed at the light level) and as an information clerk (sedentary, semiskilled work)

(performed at the light level).  (Tr. 20, Finding 6).  The ALJ then found Plaintiff had not been under a disability, as defined by the Act, from March 1, 2001 through the date of the ALJ's decision or through April 13, 2007.  (Tr. 20, Finding 7).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 9). On August 1, 2007, the Appeals Council declined the review this determination.  (Tr. 3-5).  *See* 20 C.F.R. § 404.984(b)(2).  On October 4, 2007, Plaintiff filed the present appeal.  (Doc. No. 1).  The parties consented to the jurisdiction of this Court on October 26, 2007.  (Doc. No. 4).  Both parties have filed appeal briefs.  (Doc. Nos. 7,11).  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

4

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by failing to

consider all Plaintiff's impairments in combination; (B) the ALJ erred by finding Plaintiff retains the RFC to perform sedentary work; and (C) the ALJ erred by failing to fully and fairly develop the record. (Doc. No. 7, Pages 2-18). Because the ALJ erred in evaluating Plaintiff's subjective complaints, this Court will only address Plaintiff's second argument.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not properly evaluate Plaintiff's subjective complaints pursuant to the requirements of *Polaski* or pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.  Instead, the ALJ merely listed those factors, stated two inconsistencies he found in the record, and then stated the following:

> In making this finding, the undersigned considered all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p.  The undersigned also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p and 06-3p.

(Tr. 18).

The ALJ provided no analysis of Plaintiff's daily activities; very little analysis of the duration, frequency, and intensity of Plaintiff's pain and other limitations; no analysis of Plaintiff's precipitating and aggravating factors; no analysis of the dosage, effectiveness, and side effects of Plaintiff's medication; and no analysis of Plaintiff's functional restrictions.[3]  (Tr. 16-17).  This

---

[3] Defendant provided extensive analysis of the *Polaski* factors in his briefing.  (Doc. No. 11).  However, it is the ALJ's duty *in his or her opinion* to provide full analysis of at least some of these factors and state inconsistencies in his opinion.  *See Ford v. Astrue,* 518 F.3d 979, 982-83 (8th Cir. 2008) (requiring the *ALJ* to detail the reasons for discrediting a claimant's subjective complaints and set forth the inconsistencies he or she found) (emphasis added).  It is not sufficient for the Defendant to comb through the record and provide support for the ALJ's decision after the fact.

7

analysis is insufficient under *Polaski,* and this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints.

On remand, the ALJ should also more fully consider the opinions of the witnesses, if any, testifying on Plaintiff's behalf. Two witnesses, Plaintiff's stepson and Plaintiff's husband testified on Plaintiff's behalf during the administrative hearing on December 6, 2006. (Tr. 172-211). The ALJ, however, did not even address their testimony in his opinion. (Tr. 15-21). Although this deficiency does not automatically require a remand, the ALJ should have provided *some reasons* for discounting their testimony. *See Reynolds v. Chater,* 82 F.3d 254, 258 (8th Cir. 1996).

The ALJ should also ensure the record is fully and fairly developed when this case is remanded. In her appeal brief, Plaintiff claims the ALJ did not fully and fairly develop the record in this case. (Doc. No. 7, Page 17). Plaintiff does not clearly state *how* the ALJ failed to fully and fairly develop the record, but she apparently claims the ALJ should have more fully considered her alleged syncope, hypertension, and chronic obstructive pulmonary disease. *See id.* The ALJ should ensure that the record is fully and fairly developed regarding these claimed impairments. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004).

Finally, on remand, the ALJ should properly determine whether Plaintiff retains the RFC to perform her PRW. In his opinion, the ALJ determined Plaintiff retained the RFC to perform only *sedentary* work. (Tr. 18, Finding 5). However, the ALJ then determined Plaintiff could still perform her PRW, which was performed at a *light* level. (Tr. 20, Finding 6). These findings appear to be inconsistent and must be resolved on remand.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

8

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED** this **19th day of September, 2008.**

                                                /s/   Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              U.S. MAGISTRATE JUDGE